UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA and CITY OF SAN DIEGO, a municipal corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JUDITH JEAN HOFFMAN, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:19-cv-02224-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is Defendant's Motion for Leave to Proceed in Forma Pauperis. (ECF No. 2).

**PROCEDURAL BACKGROUND**

On June 14, 2017, Plaintiffs initiated this action by filing a Complaint in the Superior Court of California for the County of San Diego, assigned case number 37-2017-00021581-CU-MC-CTL, against Defendant Judith Jean Hoffman. (ECF No. 1-3 at 1).

On November 22, 2019, Defendant filed a Notice of Removal. (ECF No. 1). The same day, Defendant filed a Motion for Leave to Proceed in Forma Pauperis. (ECF No. 2).

1

**STANDARD OF REVIEW**

The court has an independent duty to assess whether federal subject matter jurisdiction exists. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"); *accord Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because subject matter jurisdiction may not be waived by the parties, a district court must remand a removed case if it lacks jurisdiction over the matter. *Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003); *accord Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

In relevant part, the federal removal statute provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction," *id.*, and removal jurisdiction "'must be rejected if there is any doubt as to the right of removal in the first instance'" *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

**ALLEGATIONS OF THE COMPLAINT**

Plaintiffs allege that Defendant is the equitable owner of a single-family dwelling located in San Diego, CA. (ECF No. 1-3 at 3). Plaintiffs allege that, beginning in 2008, Defendant's property has a history of state and local law violations related to nuisance and

substandard housing. *Id*. Plaintiffs allege that, on September 21, 2016, the City Code Enforcement Division ("CED") issued Defendant a Notice and Order to Vacate, Repair Substandard Building, and Abate Public Nuisance pursuant to California Health and Safety Code § 17980.6. *Id*. at 7. Plaintiffs allege that, on September 21, 2016, the City posted a copy of the Notice and Order at the property and mailed the Notice to Defendant via first class and certified mail. *Id*. Plaintiffs allege that City inspectors conducted compliance inspections on November 2, 2016 and April 5, 2017. *Id*. at 8. Plaintiffs allege that, during both inspections, inspectors observed that Defendant had not taken any action to remedy the nuisance and substandard conditions identified in the Notice and Order. *Id*. Plaintiffs allege that the nuisance and substandard conditions continue to exist at the property and the interior of the property remains extremely hoarded. *Id*. Plaintiffs allege that Defendant has not vacated the property as required in the Notice and order. *Id*. Plaintiffs allege that on, April 21, 2017, the City served notice of its intent to seek the appointment of a receiver for the property on all parties with a recorded interest in the property. *Id*. Plaintiffs allege that, on April 25, 2017, a City Attorney Investigator personally delivered a written notice to Hoffman regarding the City's intent to seek a receivership. *Id*.

Plaintiffs bring the following three causes of action: (1) appointment of a receiver pursuant to California Health & Safety Code § 17980.7(c); (2) maintenance of a public nuisance in violation of California Civil Code §§ 3479 and 3480; and (3) violations of the San Diego Municipal Code and California Building Code. (ECF No. 1-3). Plaintiffs seek appointment of a receiver, injunctive relief, costs, and fees. *Id*. at 16-19.

**CONTENTIONS OF THE NOTICE OF REMOVAL**

Defendant contends that "Defendant's attorneys violated the Plaintiff's rights under the color of law, 18 U.S.C. § 242; 18 U.S.C. § 245; and 42 U.S.C. § 1983." (ECF No. 1 at 3). Defendant contends that "Defendants have violated numerous Federal laws and statutes, acting under color of law where their usage of the California State Health and Safety Code was unconstitutionally vague." *Id*. Defendant asserts that "[t]he city never

identified any EMERGENCY that is inherent in the usage of the state law to appoint a receiver." *Id*. Defendant contends that after she

> requested an administrative hearing since the Nuisance Notice was itself vague, false, or misleading, the city denied her that opportunity and determined to bring the action under the state's Health and Safety Code for the appointment of a receiver.

*Id*. Defendant contends that

> To underscore that the Nuisance Notice was vague or false, the appointed Receiver failed in his initial attempt to do what the city demanded by usage of just that Nuisance Notice. The court had ordered that the receiver work with Hoffman to remedy the matters yet he never provided any information to her on what the city specifically and LEGALLY was demanding. He himself failed his first inspection by the city code inspector. The state Health and Safety code specifies that whatever agency obtains a receivership is to provide a document that directs the receiver's actions. The receiver claimed none was provided, thus he claimed the Nuisance Notice was what he had to utilize. Since the receiver failed in his first attempt, the city's usage of the CA Health and Safety Code was therefore a failure. Hoffman contends the state Health and Safety Code is unconstitutionally vague.

*Id*. at 3-4. Defendant contends that

> any sale of the lien that has been inflated by incorporation of a lien pay-off of a lien generated through illegal actions is a violation of several federal laws including her rights to due process under 42 U.S.C. § 1983.

*Id*. at 4

## DISCUSSION

District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is

4

governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Placer Dome, Inc.*, 582 F.3d at 1091; *Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint."). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed. Jurisdiction is based on the complaint as originally filed" *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted).

The Supreme Court has held that "a case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint." *Rivet v. Regions Bank,* 522 U.S. 470, 475 (1998) (citing *Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 14 (1983)). The federal element must be "direct and essential" to the claim, as opposed to "incidental" or "attenuated." *Berg v. Leason,* 32 F.3d 422, 424 (9th Cir. 1994).

The underlying state action is based upon state and municipal law. Plaintiffs do not state any federal causes of action or prayers for relief. The constitutional issues arise only as a defense to Plaintiffs' state and municipal law claims. The Court concludes that the underlying action does not include a federal issue and that removal is not permitted.

## CONCLUSION

IT IS HEREBY ORDERED that this action is REMANDED to the Superior Court for the State of California, County of San Diego, where it was originally filed under case number 37-2017-00021581-CU-MC-CTL.

IT IS FURTHER ORDERED that Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2) is DENIED as moot.

Dated: December 11, 2019

Hon. William Q. Hayes
United States District Court